

Andrea Maddox
amaddox@dtolaw.com

July 26, 2024

VIA EMAIL AND ECF

James R. Denlea
Jeffrey I. Carton
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, New York 10604

Philip M. Smith
KRAVIT SMITH LLP
75 South Broadway, Suite 400
White Plains, New York 10601

Re:   *Lotz v. Onnit Labs, Inc.*, No. 7:24-cv-03098-KMK

Dear Counsel:

We write again pursuant to Rule II.A. of Judge Karas' Individual Practice Rules with respect to Plaintiff Jean Paul Lotz's Amended Complaint (ECF No. 20). We send this pre-motion letter in anticipation of filing a motion to dismiss. Pursuant to Rule II.A., please respond to this letter within seven days.

As a threshold matter, Plaintiff makes clear "this action has not been commenced to establish that brain-health supplements, including Alpha BRAIN®, do not work[.]" Am. Compl. ¶ 3. Instead, Plaintiff focuses his allegations on Onnit's clinical support for claims that Alpha BRAIN® "supports cognitive functions, including memory, mental speed and focus[.]" *Id.* ¶ 19. According to Plaintiff, there is only one clinical study related to Alpha BRAIN®'s marketing claims; that study does not actually support Alpha BRAIN®'s claims; and Onnit omitted certain details about that study. *See, e.g.*, *id.* ¶¶ 19, 26, 62. None of these allegations are plausible.

> A. Plaintiff Again Fails to Plausibly Allege Alpha BRAIN®'s Claims Are Based Only on the 2016 Study.

Onnit previously pointed out in a pre-motion letter that Plaintiff had alleged no factual basis for his conclusion that Alpha BRAIN®'s marketing claims were

307 5th Avenue, 12th Floor, New York, NY 10016    2400 Broadway, Suite 200, Redwood City, CA 94063
main: 646-995-5400 | fax: 213-335-7802 | dtolaw.com    main: 415-630-4100 | fax: 213-335-7802 | dtolaw.com

268885

July 26, 2024
Page 2

based *solely* on the clinical study attached to the complaint ("2016 Study").  *See* ECF No. 17, at 2.  Plaintiff doubles down on this mistaken belief in the Amended Complaint.  *See* Am. Compl. ¶ 26 ("It is indisputable that the Onnit Funded Study is the only study that exists that examines the efficacy of Alpha BRAIN® as a whole.").  But Plaintiff's assertion something is "indisputable" is not factual support.  It is also belied by his own allegations, which excerpt marketing claims referencing *two* clinical trials.  *See, e.g.*, *id.* ¶ 46 ("Two randomized clinical trials showing improvements in verbal memory, processing speed, and peak alpha (flow state).").

> B. Plaintiff's Omission-Based Claims Likewise Fail Because They Are Based on Onnit's Purported Failure to Disclose Publicly Available Information.

Plaintiff alleges Onnit misled consumers by failing to disclose all the details of the 2016 Study.  *See, e.g.*, Am. Compl. ¶ 62 ("Onnit failed to disclose material information about Alpha BRAIN®, including the fact that its own Onnit Funded Study showed no statistically significant improvement in memory (with the exception of long delay memory), focus, concentration and mental processing speed[.]"); *id.* ¶ 67 (referencing Onnit's "knowing omission").

To the extent Plaintiff's claims rest on allegations Onnit improperly omitted information about the results of the 2016 Study, well-settled New York law mandates their dismissal.  Under New York General Business Law ("GBL") sections 349 and 350, a plaintiff asserting a deceptive act based on an omission must allege "the business *alone* possesses material information relevant to the consumer and fails to provide this information."  *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995) (emphasis added); *Gordon v. Target Corp.*, 2022 WL 836773, at *10 (S.D.N.Y. Mar. 18, 2022) (Karas, J.) (same).  Here, Plaintiff pays lip service to this requirement, stating in conclusory fashion that Onnit had "sole possession" of the allegedly omitted information.  Am. Compl. ¶ 72.  But Plaintiff's own allegations demonstrate the 2016 Study is *publicly available*.  *See id.* ¶ 19 n.2 (citing hyperlink to online version of the study).  Plaintiff's claims thus fail.  *See Womack v. EVOL Nutrition Assocs., Inc.*, 2022 WL 3371213, at *5 (N.D.N.Y. Aug. 16, 2022) (finding Plaintiff failed to state GBL § 349 claim when allegedly omitted information could be found in an online, publicly available petition).

Plaintiff himself acknowledges the online 2016 Study contains the very details he alleges Onnit failed to disclose.  *See, e.g.*, Am. Compl. ¶ 24 ("The Onnit Funded Study clearly admits . . . that no other group effects other than the CVLT Long Delay test reached statistical significance.") (cleaned up).  Because other consumers, including Plaintiff, thus could have obtained this same information,

July 26, 2024
Page 3


Plaintiff's GBL claims cannot be based on these purported omissions.[1] *See Oswego*, 647 N.E.2d at 745; *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 151 (S.D.N.Y. 2022) ("There is no obligation under GBL § 349 or 350 to provide whatever information a consumer might like to know."). For these reasons, the Court should dismiss Plaintiff's claims to the extent they are based on Onnit's purported failure to share the full details of Alpha BRAIN® studies. *See Gomez-Jiminez v. New York Law School*, 956 N.Y.S.2d 54, 59 (App Div. 2012) ("While we are troubled by the unquestionably less than candid and incomplete nature of defendant's disclosures, a party does not violate GBL 349 by simply publishing truthful information and allowing consumers to make their own assumptions about the nature of the information.").

### C. Plaintiff's allegation he would not have purchased the product at issue is not a cognizable injury under the GBL.

As in the original Complaint, Plaintiff alleges he "would not have purchased the Alpha BRAIN® product" had he known about the results of the 2016 Study. Compl. ¶ 31, ECF No. 1; Am. Compl. ¶ 50. In amending in response to Onnit's first pre-motion letter, Plaintiff simply added an alternative damages theory. *See* Am. Compl. ¶ 50 (alleging he "[a]t the very least" paid a "premium" for the product).

But adding an *alternative* theory does not change the fact that his other "full refund" injury is not cognizable under the GBL. *See, e.g.*, *Binder v. Premium Brands Opco LLC*, 2024 WL 2978506, at *5 (S.D.N.Y. June 11, 2024) ("[P]laintiffs allege that Waldner . . . suffered two distinct injuries . . . . First, Waldner alleges that she . . . 'would not have made her purchase' absent defendant's deception. Second, Waldner claims . . . she paid an 'inflated price' or 'price premium' for the item . . . [O]nly the price premium theory has been recognized as cognizable in this context."). Because "the only viable theory presented by the Amended Complaint is the 'price premium'" theory, *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 114 (E.D.N.Y. 2020), the Court should dismiss Plaintiff's claims he would not have purchased the product had he known about the results of the 2016 Study. *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676 (S.D.N.Y.2012) ("New York courts have rejected the notion that a defendant's deception alone—in other words, allegations of pecuniary loss arising solely from the purchase of the defendant's product—may suffice to plead 'actual injury' for a Section 349 claim.") (collecting cases).

---

[1] The eleven ingredient studies cited within the 2016 Study and detailed in the Amended Complaint are all publicly available as well. *See* Am. Compl. ¶¶ 29-39 n. 6-9, 11-12, 14-17, 20.

July 26, 2024
Page 4


Sincerely,

*A. Maddox*

Andrea Maddox

CC:   Hon. Kenneth M. Karas

268885