

<div style="text-align: right">Philip M. Smith<br>psmith@kravitsmithllp.com</div>

August 2, 2024

**VIA EMAIL(amaddox@dtolaw.com) and ECF**
Andrea Maddox, Esq.
DTO Law
2400 Broadway, Suite 200
Redwood City, CA 94063

  Re: *Lotz v. Onnit Labs, Inc.*, No. 7:24-cv-03098-KMK

Dear Andrea:

  I refer to your letter dated July 26, 2024.  Pursuant to Rule II.A of Judge Karas's Individual Practice Rules, Plaintiff will not further amend his complaint.  Onnit's purported bases for a motion to dismiss Plaintiff's Amended Complaint lack merit for the following reasons.

  **A.  Plaintiff Fails to Plausibly Allege that Alpha BRAIN®'s Claims are Based Only on the 2016 Study**

  To begin with, Plaintiff does not allege that Alpha BRAIN®'s claims are based only on the 2016 Study.  Indeed, Plaintiff alleges that Alpha BRAIN®'s claims are not based on anything and are proven false by the 2016 Study.  Onnit also takes issue with Plaintiff's allegation that the 2016 Study is "the only study that exists that examines the efficacy of Alpha BRAIN® as a whole."  Amended Complaint ("AC") ¶ 26.  That allegation is demonstrably true and, in any event, must be credited as true at the pleading stage.  Tellingly, Onnit does claim there is any other study of Alpha BRAIN® as a whole.  Instead, Onnit makes the baseless claim that Plaintiff's claim that the 2016 Study is the only study is "belied by his own allegations, which excerpt marketing claims referencing *two* clinical trials."  Onnit is referring to the following marketing item set forth in ¶ 46 of the AC:

<div style="text-align: center">
Kravit Smith LLP<br>
75 South Broadway, Suite 400<br>
White Plains, New York 10601<br>
(646) 493-8004
</div>

Andrea Maddox, Esq.
August 2, 2024





Plaintiff included this marketing item in the AC because it makes the affirmative misrepresentation that Onnit has a basis for claiming that Alpha BRAIN® improves verbal memory and processing speed. Interestingly, however, if one clicks on the link "<u>Learn more,</u>" it takes one to summaries of two clinical studies purporting to show that Alpha BRAIN® improves physical and athletic performance, which have nothing to do with cognitive performance or the 2016 Study. Presumably, the link and reference to two physical performance studies were a mistake, but it obviously does not create an inference that there was, in fact, more than one study of Alpha BRAIN®'s effect on cognitive performance. If anything, Onnit's marketing claim that there are *two* studies of Alpha BRAIN® that show it improves cognitive performance is itself an actionable misrepresentation in addition to its false cognitive improvement claims.

    B.  **Plaintiff's "Omission-Based" Claims Fail**

    Onnit argues that Plaintiff's allegation that Onnit failed to disclose the results of the 2016 Study is not actionable because the 2016 Study is publicly available and therefore Onnit is not alone in possession of material information relevant to consumers. To begin with, Plaintiff's claims do not in any way depend on the allegation that Onnit "failed to disclose" the results of the 2016 Study. Instead, the existence of the 2016 Study and its results are the proof that Onnit cognitive performance claims are false. In addition, the 2016 Study (and the fact that it is the only study) is not present anywhere in Onnit's marketing and discovering the falsity of Onnit's marketing requires one to do research in medical journals and identify what studies exist or do not exist. Moreover, reading and interpreting the results of the 2016 Study is not something a reasonable consumer was ever going to do. Finally, Onnit points to no authority for the proposition that omitted material information is not actionable as long as the truth could theoretically be discovered with extensive investigation. In any event, whether a reasonable consumer could have discovered Onnit's subterfuge is at best an issue of fact. *See, e.g., Oswego Laborers' Local 214 Pension Fund v. Marine Midland*, 85 N.Y.2d 20, 27 (1995) ("The record is, however, inconclusive as to whether a reasonable consumer in plaintiffs' circumstances might have been misled by the Bank's conduct. The parties differ as to whether Bradshaw was given the Bank rules or other documentation that would have informed the Funds about the limitation on interest for their accounts. It is also disputed whether the Bank rules themselves convey the

---

[1]   https://web.archive.org/web/20200115140023/https:/www.onnit.com/alphabrain/

Case 7:24-cv-03098-KMK   Document 23   Filed 08/02/24   Page 3 of 4

Andrea Maddox, Esq.  
August 2, 2024



information regarding the different treatment of profit and nonprofit entities. Thus, the Bank's liability under the statute will depend, in part, on whether plaintiffs possessed or could reasonably have obtained the relevant information they now claim the Bank failed to provide.")

### C. Plaintiff Allegation that He Would Not Have Purchased Alpha BRAIN® is not a Cognizable Injury

Onnit appears to concede that Plaintiff has adequately alleged a "price premium" injury theory of damages. Onnit nonetheless argues that Plaintiff's alternative allegation — that he would not have even purchased Alpha BRAIN® if he had known it does not provide the cognitive improvement that Onnit claims — is not a cognizable injury. The only cases cited by Onnit involve allegations that the deception concerning a product or service is the injury, which is not actionable absent allegations that the product or service was of less value than represented by the defendant. That is not the case here where Plaintiff had concededly alleged that he bought a product that did not have the valuable attributes it advertised. In fact, Alpha BRAIN® is a worthless capsule that does not improve cognitive performance and there would be no reason for Plaintiff to purchase Alpha BRAIN® without any of its purported benefits. In that case, numerous courts have recognized, particularly at the motion to dismiss stage, that a consumer may both allege a "price premium" injury and, alternatively, that he would never have purchased the product, which is nothing more than an allegation that the product is worthless and the entire purchase price is the injury. *See, e.g, Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 109 (S.D.N.Y. 2021) ("Here, Plaintiffs allege that they paid more for the Products 'based on the beverage names 'Margarita,' 'Mojito,' 'Rosé,' and/or 'Sangria,' reasonably believing that the Products [would] contain tequila, rum, or wine. They also allege that if they had known the Products did not contain tequila, rum, or wine, they would have paid less for the Products or would not have purchased them at all. At this stage of the case, these allegations suffice to allege a price premium theory of injury.") (record citations omitted); *In re Scotts EZ Seed Litigation*, 304 F.R.D. 397, 409 (S.D.N.Y. 2015) ("Likewise, classwide evidence will determine whether plaintiffs were injured. Plaintiffs allege they suffered economic harm when they paid for a worthless product, or when they paid a premium for EZ Seed based on the false 50% thicker claim."); *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547 at *5 (S.D.N.Y. Dec. 11, 2013) ("The deception is the false and misleading label, and the injury is the purchase price."); *In re Amla Litigation*, 282 F. Supp. 3d 751, 768 (S.D.N.Y. 2017) ("Here, plaintiffs argue that the product was rendered "worthless" because of its inherent danger….The deception is the false and misleading label, and the injury is the purchase price."); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp.2d 274, 288 (S.D.N.Y. 2014) ("Plaintiffs claim that they paid price premiums specifically 'based on Defendants' misrepresentations,' and allege that they deserve damages in the amount of either the purchase prices, or the price premiums, that they paid for Smart Balance….Accordingly, the Court finds that Plaintiffs have adequately alleged injury under GBL § 349).

Page 3 of 4

Andrea Maddox, Esq.
August 2, 2024



        Sincerely,

        **KRAVIT SMITH LLP**

By: _____
        Philip M. Smith

and

**DENLEA & CARTON LLP**
James R. Denlea
Jeffrey I. Carton
Steven R. Schoenfeld
Catherine H. Friesen
2 Westchester Park Drive, Suite 410
White Plains, New York 10604

cc:    Hon. Kenneth M. Karas